**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LARRY EDGAR ESTRADA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-03-3660 |
| | § | |
| NATHANIEL QUARTERMAN,[1] | § | |
| DIRECTOR, TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER**

On September 11, 2003, petitioner Larry Edgar Estrada filed a skeletal petition for a writ of habeas corpus. (Docket Entry No. 6). Estrada filed his skeletal petition to comply with the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period. Estrada asked this Court to allow him three months to amend his habeas petition hoping that he could succeed in his state court efforts to secure documents and materials essential to the development of his habeas claims. In 2004, Estrada filed a mandamus action in state court to force the disclosure of that material. Estrada's state litigation remains pending.

This Court has extended the time for Estrada to amend his petition eight times. Estrada now asks this Court to extend that time again. Estrada has shown good cause to

---

[1] On June 1, 2006, Nathaniel Quarterman replaced Douglas Dretke as the Director of Texas Department of Justice-Correctional Institutions Division. Accordingly, Quarterman "is automatically substituted as a party." FED. R. CIV. P. 25(d)(1).

postpone the adjudication of his claims, but judicial economy does not favor this case remaining on the Court's active docket. A district court possesses authority to stay a federal habeas case when a petitioner shows "good cause," has not "engaged in intentionally dilatory litigation tactics," and raises potentially meritorious claims. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Estrada's pleadings suggest that justice would best be served by abating the instant action.

This Court, therefore, **STAYS** and **ADMINISTRATIVELY CLOSES** Estrada's habeas action. Estrada will promptly file a motion to reopen these proceedings when his state court litigation concludes. At that time, the Court will enter a new scheduling order allowing for amendment of Estrada's federal petition. Accordingly, this Court **DENIES** his motion for an extension of time as moot.

**THIS CASE IS STAYED AND ADMINISTRATIVELY CLOSED**.

The Clerk will provide copies of this Order to the parties.

Signed at Houston, Texas, on August 1, 2006.

_____
Gray H. Miller
United States District Judge